IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BAGGAGE AIRLINE GUEST SERVICES,
INC.,

                Plaintiff;

v.

ROADIE, INC.,

                Defendant.

Civil Action No. 18-707-RGA

MEMORANDUM OPINION

Neal Belgam and Eve H. Ormerod, SMITH, KATZENSTEIN & JENKINS LLP, Wilmington, DE; Stefan V. Stein (argued), Mayanne Downs, Jason Zimmerman, and Cole Carlson, GRAY ROBINSON P.A., Orlando, FL, attorneys for Plaintiff.

Pilar G. Kraman, YOUNG CONAWAY STARGATT & TAYLOR, LLP, Wilmington, DE; Edward A. Pennington, John P. Moy (argued), John P. Pennington, and Darlene K Tzou, SMITH, GAMBRELL & RUSSELL LLP, Washington, DC, attorneys for Defendant.

January 7, 2019

## ANDREWS, U.S. DISTRICT JUDGE:

Currently pending before the Court is Defendant's Motion for Judgment on the Pleadings. (D.I. 39). The parties have fully briefed the issues. (D.I. 39, 46, 107). The Court heard oral argument on December 4, 2018. (D.I. 109). After considering the parties' briefing and arguments, the Court GRANTS Defendant's Motion for judgment on the pleadings.

## I. BACKGROUND

Plaintiff Baggage Airlines Guest Services, Inc. filed suit on August 24, 2017 against Defendant Roadie, Inc. in the United States District Court for the Middle District of Florida. (D.I. 1). Plaintiff's Complaint alleges that Defendant infringes U.S. Patent No. 9,659,336 ("the '336 patent") both directly and indirectly by inducing or contributing to infringement by others. (D.I. 1 ¶ 26). On May 9, 2018, the Florida court transferred the case to this Court. (D.I. 67).

The '336 patent "relates to an apparatus, method and system for dispatching baggage." ('336 patent, Abstract). The '336 patent has three independent claims: claim 1 is an apparatus claim, claim 7 is a method claim, and claim 13 is "directed to a computer-readable storage medium containing instructions for dispatching baggage." (D.I. 39 at 8). The language of these claims is substantially similar. Claim 7 is representative[1] and reads as follows:

7. A method of dispatching baggage, comprising:

receiving, through a transceiver of a server and after a piece of baggage has been transported to a destination, baggage information relating to the piece of baggage

---

[1] Plaintiff did not object in its answering brief to Defendant's assertion that Claim 7 was representative. At oral argument, Plaintiff stated that it did not "necessarily agree that Claim 7 is representative," but "all of [its] arguments apply equally to [claims] 1, 7, and 13." (D.I. 109 at 17:24-18:2). "Courts may treat a claim as representative . . . [where] the patentee does not present any meaningful argument for the distinctive significance of any claim limitations not found in the representative claim." *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1365 (Fed. Cir. 2018). Here, Plaintiff neither objected nor presented any argument that claim 1 or claim 13 has any "distinctive significance." The Court finds that the identified claims (Claim 1, 7, and 13) are substantially similar such that Claim 7 is the representative claim for the apparatus and computer-readable storage medium claims.

1

to be delivered to a passenger, the baggage information including a drop off address, wherein the passenger is at a location different than the destination;

associating, by the processor of the server, the baggage information with a delivery person, wherein the delivery person is associated with delivery person information;

transmitting, through the transceiver, a pick up bags message to a deliverer computing device associated with the delivery persona;

transmitting, through the transceiver, at least a portion of the baggage information and the delivery person information to a passenger computing device associated with the passenger;

receiving, through the transceiver, from the passenger computing device a selection to hold delivery of the piece of baggage using a passenger interface until a delayed delivery time wherein the passenger interface displays travel information of the passenger including at least one of an airline name and an airport name and a baggage map configured to display on the passenger computing device an approximate location or current location of the piece of baggage associated with the travel information wherein the passenger interface is updated with changes in the approximate location or the current location of the piece of baggage during transport;

relaying, through the transceiver, a delivery change to the deliverer computing device responsive to the selection to hold delivery of the piece of baggage using the passenger interface; and

reordering, by the processor of the server, other deliveries associated with the deliverer computing device given the delivery change.

('336 patent, cl. 7). On February 6, 2018, Defendant filed a Motion for Judgment on the Pleadings under Rule 12(c) for lack of patentable subject matter under 35 U.S.C. § 101 or, in the alternative, for failure to state a claim of infringement. (D.I. 39).

## II. LEGAL STANDARD

### A. Rule 12(c)

A Rule 12(c) motion for judgment on the pleadings is reviewed under the same standard as a Rule 12(b)(6) motion to dismiss when the Rule 12(c) motion alleges that the plaintiff failed to state a claim upon which relief can be granted. *See Turbe v. Gov't of the Virgin Islands*, 938 F.2d

2

427, 428 (3d Cir. 1991); *Revell v. Port Auth.*, 598 F.3d 128, 134 (3d Cir. 2010). The court must accept the factual allegations in the complaint and take them in the light most favorable to the non-moving party. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). "When there are well-ple[d] factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The court must "draw on its judicial experience and common sense" to make the determination. *See id.* In ruling on a motion for judgment on the pleadings, the court is generally limited to the pleadings. *Mele v. Fed. Reserve Bank of N.Y.*, 359 F.3d 251, 257 (3d Cir. 2004). The court may, however, consider documents incorporated into the pleadings and those that are in the public record. *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

### B. 35 U.S.C. § 101

Section 101 of the Patent Act defines patent-eligible subject matter. It provides: "Whoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title." 35 U.S.C. § 101. The Supreme Court has recognized an implicit exception for three categories of subject matter not eligible for patentability—laws of nature, natural phenomena, and abstract ideas. *Alice Corp. Pty. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2354 (2014). The purpose of these carve outs is to protect the "basic tools of scientific and technological work." *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 132 S. Ct. 1289, 1293 (2012). "[A] process is not unpatentable simply because it contains a law of nature or a mathematical algorithm," as "an application of a law of nature or mathematical formula to a known structure or process may well be deserving of patent protection." *Id.* at

3

1293–94 (cleaned up). In order "to transform an unpatentable law of nature into a patent-eligible application of such a law, one must do more than simply state the law of nature while adding the words 'apply it.'" *Id.* at 1294 (emphasis omitted).

The Supreme Court recently reaffirmed the framework laid out in *Mayo* "for distinguishing patents that claim laws of nature, natural phenomena, and abstract ideas from those that claim patent-eligible applications of those concepts." *Alice*, 134 S. Ct. at 2355. First, the court must determine whether the claims are drawn to a patent-ineligible concept. *Id.* If the answer is yes, the court must look to "the elements of the claim both individually and as an 'ordered combination'" to see if there is an "'inventive concept'—*i.e.*, an element or combination of elements that is 'sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the [ineligible concept] itself.'" *Id.* (alteration in original). "A claim that recites an abstract idea must include 'additional features' to ensure that the [claim] is more than a drafting effort designed to monopolize the [abstract idea]." *Id.* at 2357. Further, "the prohibition against patenting abstract ideas cannot be circumvented by attempting to limit the use of [the idea] to a particular technological environment." *Id.* at 2358 (quoting *Bilski v. Kappos*, 561 U.S. 593, 610-11 (2010)). Thus, "the mere recitation of a generic computer cannot transform a patent-ineligible abstract idea into a patent-eligible invention." *Id.* For this second step, the machine-or-transformation test can be a "useful clue," although it is not determinative. *Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709, 716 (Fed. Cir. 2014).

"Whether a claim is drawn to patent-eligible subject matter under § 101 is an issue of law," and "is a matter of both claim construction and statutory construction." *In re Bilski*, 545 F.3d 943, 951 (Fed. Cir. 2008), *aff'd sub nom. Bilski v. Kappos*, 561 U.S. 593 (2010). "Claim construction is a question of law . . . ." *In re Nuijten*, 500 F.3d 1346, 1352 (Fed. Cir. 2007). At

*Alice* step two, however, "[w]hether something is well-understood, routine, and conventional to a skilled artisan at the time of the patent is a factual determination." *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1369 (Fed. Cir. 2018).

The Federal Circuit has held that the district court is not required to individually address claims not asserted or identified by the non-moving party, so long as the court identifies a representative claim and "all the claims are substantially similar and linked to the same abstract idea." *Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat'l Ass'n*, 776 F.3d 1343, 1348 (Fed. Cir. 2014) (internal quotation marks omitted).

## III. DISCUSSION

### A. Abstract Idea

"First, we determine whether the claims at issue are directed to [an abstract idea]." *Alice*, 134 S. Ct. at 2355. "The 'abstract ideas' category embodies 'the longstanding rule that an idea of itself is not patentable.'" *Id.* (quoting *Gottschalk v. Benson*, 409 U.S. 63, 67 (1972)). "The Supreme Court has not established a definitive rule to determine what constitutes an 'abstract idea' sufficient to satisfy the first step of the *Mayo/Alice* inquiry." *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1334 (Fed. Cir. 2016). The Supreme Court has recognized, however, that "fundamental economic practice[s]," *Bilski*, 561 U.S. at 611, "method[s] of organizing human activity," *Alice*, 134 S. Ct. at 2356, and mathematical algorithms, *Benson*, 409 U.S. at 64, are abstract ideas. In navigating the parameters of such categories, courts have generally sought to "compare claims at issue to those claims already found to be directed to an abstract idea in previous cases." *Enfish*, 822 F.3d at 1334. "[S]ome improvements in computer-related technology when appropriately claimed are undoubtedly not abstract." *Id.* at 1335. "[I]n determining whether the claims are directed to an abstract idea, we must be careful to avoid

oversimplifying the claims because '[a]t some level, all inventions . . . embody, use, reflect, rest upon, or apply laws of nature, natural phenomena, or abstract ideas.'" *In re TLI Commc'ns LLC Patent Litig.*, 823 F.3d 607, 611 (Fed. Cir. 2016) (alterations in original) (quoting *Alice*, 134 S. Ct. at 2354).

Defendant asserts that the independent claims of the '336 patent are directed to the abstract idea of "coordinating and monitoring baggage delivery." (D.I. 39 at 12). Plaintiff responds that the claims are a "technology-based solution that implements technical components in a non-conventional way." (D.I. 46 at 8-9). For the following reasons, I find that the claims of the '336 patent are directed to the abstract idea of "coordinating and monitoring baggage delivery."

Claim 7 of the '336 patent is the independent method claim of the patent. The method embodies the basic concept of coordinating and monitoring baggage delivery. Coordinating and monitoring baggage delivery is a well-known method of organizing human activity. The steps of the method can be summarized as follows: (1) receiving baggage information ('336 patent col 7:29-36), (2) assigning the baggage to a delivery person (*id.* col. 7:37-43), (3) informing the passenger that the baggage is on its way and who is delivering it (*id.* col. 7:44-47), (4) receiving a request to delay delivery (*id.* col. 7:48-60), (5) informing the delivery person of the change (*id.* col. 7:62-64), and (6) reordering the delivery person's delivery schedule. (*Id.* col. 7:65-67). These are basic steps of coordinating and monitoring delivery, a well-known method of organizing human activity.

Plaintiff argues the '336 patent claims are "directed to a 'new and useful technique' for performing a particular task" and therefore cannot be directed to an abstract idea. (D.I. 46 at 7). To support this assertion, Plaintiff points to several cases where the court held the patent claims

"improved an existing technological process" and were therefore non-abstract. *Alice*, 134 S. Ct. at 2358 (discussing the claims in *Diehr*); *Diamond v. Diehr*, 450 U.S. 175 (1981) (finding method for calculating optimal cure time for rubber patent-eligible); *Thales Visionix Inc. v. United States*, 850 F.3d 1343 (Fed. Cir. 2017) (finding claims using sensors to more efficiently track an object on a moving platform patent-eligible). However, these cases each involved an improvement to the underlying method in addition to implementing technology to achieve the claims. At oral argument, Plaintiff pointed to *Genedics, LLC v. Meta Co.*, 2018 WL 3991474 (D. Del. Aug. 21, 2018) as a case representing the proper way to conduct the § 101 inquiry. (D.I. 109 at 21:16-24). In *Genedics*, the court declined to determine whether claims reciting a method of manipulating an image through a three-dimensional user interface were directed to the abstract idea of "human manipulation of three-dimensional objects." *Id.* at *8. The court there, however, found that the claims "do seem to make a point to refer to what looks, on its face, to be a *particular* way of using sensors to determine a user's touch point and/or sense interaction with 3-D objects." *Id.* at *7. In contrast, the claims here do not cite a particular way of communicating information to coordinate and monitor baggage delivery.[2]

Rather, the claims of the '336 patent are far more similar to those in *GT Nexus, Inc. v. Inttra, Inc.* where the patents-in-suit disclosed an online system and method for buyers and sellers of international container transportation services. 2015 WL 6747142 (N.D. Cal. Nov. 5, 2015), *aff'd*, 669 F. App'x 562 (Fed. Cir. 2016) (per curiam). There, the court found that "the shipping of goods is a conventional business practice 'long prevalent in our system of

---

[2] Further, the technologies differ greatly between *Genedics* and the claims here. The technology in *Genedics* appears directed to improvement in computer technology for holographic user interface display systems. 2018 WL 3991471, at *8. Here, as the patent clearly states, the goal is not improvement in computer technology, but improvement in baggage delivery. ('336 patent col. 1:30-32).

7

commerce.'" *Id.* at \*5 (quoting *Alice*, 134 S. Ct. at 2350). The patent claims also "describe[d] user and carrier computers connected to a 'common carrier system,' itself comprised of servers and databases" with non-specific hardware. *GT Nexus*, 2015 WL 6747142 at \*5. Here, the specification recognizes that coordinating and monitoring baggage delivery is a conventional business practice. ('336 patent col 1:10-30). The specification states that the invention relates to "improved systems and methods for coordinating and monitoring baggage delivery." (*Id.* col. 1:30-32). The method disclosed in the patent claims, however, merely takes the traditional method of baggage delivery and executes it using generic and non-specific hardware and software. (*Id.* col. 3:6-19, 3:24-42, 3:50-64, 4:6-16, 5:41-51). Moreover, the use of generic and non-specific hardware to communicate information between different computing devices to coordinate a task, like in *GT Nexus*, is not sufficient to make the patent claims directed to a non-abstract idea. The patent claims merely replace the phone calls used to track down baggage, arrange for delivery, and have it delivered to the passenger's destination. (D.I. 109 at 18:9-13).

At oral argument, Plaintiff also asserted that the claims were specific and limited enough to avoid *Alice*'s concern of preemption. Plaintiff specifically pointed to the inclusion of the "selection to hold delivery" claim limitation as avoiding preemption and directed to a non-abstract idea as an improvement upon the prior art. Plaintiff and Defendant dispute the construction of the term "selection to hold delivery" as used in the claims. (D.I. 66-1 at 2). For the purposes of this motion, I will adopt Plaintiff's proposed construction: "sending a communication to the deliverer via the server to change the delivery time." (*Id.*). Even using this construction, however, this term merely implements the abstract idea of contacting a delivery person to change the delivery time using the generic server. This claim limitation neither narrows the invention to avoid preemption nor makes it directed to a non-abstract idea.

8

Therefore, the Court determines that the claims of the '336 patent are directed to the abstract idea of "coordinating and monitoring baggage delivery."

### B. Inventive Concept

The determination that a patent is directed to an abstract idea "does not render the subject matter ineligible." *Internet Patents Corp. v. Active Network, Inc.*, 790 F.3d 1343, 1346 (Fed. Cir. 2015). Having decided that the '336 patent claims are directed to an abstract idea, the Court must next "determine whether the claims do significantly more than simply describe the abstract method." *Ultramercial*, 772 F.3d at 715. Since "a known idea, or one that is routine and conventional, is not inventive in patent terms," this analysis "favors inquiries analogous to those undertaken for determination of patentable invention." *Internet Patents*, 790 F.3d at 1346. Indeed, the Federal Circuit has noted that the two stages of the *Alice* two-step inquiry "are plainly related" and "involve overlapping scrutiny of the content of the claims . . . ." *Elec. Power Grp.*, 830 F.3d at 1353. Furthermore, neither "[a] simple instruction to apply an abstract idea on a computer," nor "claiming the improved speed or efficiency inherent with applying the abstract idea on a computer" satisfies the requirement of an "inventive concept." *Intellectual Ventures I LLC v. Capital One Bank (USA)*, 792 F.3d 1363, 1367 (Fed. Cir. 2015); *see also Bancorp Servs., LLC v. Sun Life Assurance Co. of Can.*, 687 F.3d 1266, 1278 (Fed. Cir. 2012) ("[T]he fact that the required calculations could be performed more efficiently via a computer does not materially alter the patent eligibility of the claimed subject matter.").

Plaintiff argues that the '336 contains several inventive concepts which make the claims patent-eligible. (D.I. 46 at 9). Defendant asserts that there is no inventive concept that saves the patent because the claims solely recite the use of conventional and generic computer elements to

9

implement the claims. (D.I. 39 at 17-18). For the following reasons, I find that the '336 patent does not contain an inventive concept.

**First**, Plaintiff points to the specification's statement that an advantage of the invention is that delivery of the baggage is guaranteed as an inventive concept. (D.I. 46 at 5, 9). Defendants note that delivery of baggage is not a requirement of the claims. (D.I. 107 at 10). Defendants are correct. The claims at no point require delivery of the baggage to occur, much less that the delivery is guaranteed by the claimed method. ('336 patent cl. 1, 7, 13). While the specification does discuss this improvement, the focus of the § 101 inquiry is the claims. *See Berkheimer*, 881 F.3d at 1369 ("The improvements in the specification, to the *extent they are captured in the claims*, create a factual dispute regarding whether the invention described well-understood, routine, and conventional activities."). As this alleged inventive concept is not captured in the claims, it cannot make the claims patent-eligible.

**Second**, Plaintiff argues that the configuration of the computing devices "in a certain way such that baggage information is communicated 'amongst each other to increase the efficiency of missing baggage delivery, enhance passenger experience, and provide a record of baggage delivery'" satisfies the inventive concept requirement. (D.I. 46 at 9 (quoting '336 patent col. 6:21-23)). This is contrary to law. As the Federal Circuit has recognized repeatedly, "[i]nstructing one to 'apply' an abstract idea and reciting no more than generic computer elements performing generic computer tasks does not make an abstract idea patent-eligible." *Intellectual Ventures I*, 792 F.3d at 1368 (Fed. Cir. 2015); *Bancorp*, 687 F.3d at 1278 (appending generic computer components does not "salvage an otherwise patent-ineligible process"). Like in *GT Nexus*, Claim 7 "recites generic computer components, i.e., 'servers' and [transceivers,] which are configured to perform 'purely conventional' computer functions, i.e., to 'receive,' []

and 'transmit' information." 2015 WL 6747142, at *7. Reciting generic computer functions and the use of generic computer elements to achieve a more efficient way of "coordinating and monitoring baggage delivery" therefore does not make the claims patent-eligible.

**Finally**, Plaintiff points to the final three claim limitations requiring receipt of a "selection to hold delivery," communicating that request to the deliverer computing device, and reordering the scheduled deliveries as providing an inventive concept. (D.I. 46 at 6). However, "[a]dding routine additional steps . . . does not transform an otherwise abstract idea into patent-eligible subject matter." *Ultramercial*, 772 F.3d at 716. Plaintiff argues that the prosecution history indicates that there is a dispute as to whether the "selection to hold" claim limitation was well-known, routine or conventional. (D.I. 46 at 6). The prosecution history distinguished this limitation because the prior art did not "teach or suggest a *passenger interface* that allows a selection to provide 'a selection to hold delivery' or a server to "relay . . . a delivery change related to the selection." (D.I. 46, Ex. A at 4/16/15 Office Action Response at 13). Even taking this in the light most favorable to Plaintiff, as I am required to do, this does not indicate that the "selection to hold" claim limitation was unconventional. "Sending a communication to the deliverer via the server to change the delivery time" merely recites the well-known method of "sending a request to hold delivery for a later time" but on a generic computer device: the server. Nor is there anything in the patent to support an inference that these limitations are more than the well-understood, routine, or conventional idea of requesting an alternate delivery time using generic computer technology. Moreover, as discussed above, these additional claim limitations are themselves abstract, and "[a] simple instruction to apply an abstract idea on a computer," cannot satisfy the requirement of an "inventive concept." *Intellectual Ventures I*, 792 F.3d at

1367. Thus, viewed separately or as an ordered combination, the claim elements do not recite an inventive concept, and cannot transform the abstract idea into a patent-eligible application.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's Motion for Judgment on the Pleadings.[3] An accompanying order will be entered.

---

[3] Because I have found that the '336 patent claims are directed to ineligible subject matter, I decline to consider whether the Complaint fails to state a claim of infringement.