IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BAGGAGE AIRLINE GUEST SERVICES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ROADIE, INC.,<br><br>Defendant. | Civil Action No. 18-707-RGA |

MEMORANDUM ORDER

Presently before the Court is Defendant's Motion to Declare This Case Exceptional Pursuant to 35 U.S.C. § 285. (D.I. 119).

I. **PROCEDURAL BACKGROUND**

On August 24, 2017, Plaintiff Baggage Airlines, Inc. ("Baggage") filed suit against Defendant Roadie, Inc. ("Roadie") alleging infringement of U.S. Patent No. 9,659,336 ("the '336 patent") in the United States District Court for the Middle District of Florida. (D.I. 1). Roadie's motion to transfer the action for improper venue (D.I. 8) was granted and the case was transferred to the District Court for the District of Delaware, where it was docketed as the present action. (D.I. 67).

Roadie moved for judgment on the pleadings for invalidity under 35 U.S.C. § 101 and that the complaint failed to state a proper claim of infringement. (D.I. 39). On January 7, 2019, I granted the motion and found the '336 patent to be invalid under § 101. (D.I. 115). Baggage appealed. (D.I. 122). The appeal is pending.

1

## II. STANDARD OF REVIEW

The Patent Act provides that the court "in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. The Supreme Court has defined an "exceptional" case as "simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). When considering whether a case is exceptional district courts are to exercise their discretion on a case-by-case basis, considering the totality of the circumstances. *Id.* Relevant factors for consideration include "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 554 n.6 (internal quotations marks omitted). A movant must establish its entitlement to attorneys' fees under Section 285 by a preponderance of the evidence. *Id.* at 557.

## III. DISCUSSION

Baggage argues that I should defer ruling on this motion until the appeal is decided. (D.I. 123 at 4). Baggage argues that the Federal Circuit's decision may moot this motion or may clarify some issues relating to it. (*Id.* at 4-5). Roadie urges me to rule on this motion now because (1) the appeal would have no bearing on determining whether Baggage's infringement claims or its misconduct in collecting evidence to support those claims was unreasonable. (D.I. 126 at 10). Moreover, Roadie points to the potential need for further briefing or review of documents *in camera* and argues that such submissions will be of less help in the future due to the passage of time. (*Id.* at 13).

2

As I have previously recognized,

> [A] Federal Circuit decision on the appeal is likely to make the resolution of this motion easier. It is entirely possible that the Federal Circuit could reverse the judgment in this case, thereby mooting the fees motion. It is possible that the Federal Circuit could affirm, and indicate—perhaps indirectly through what it writes—that this is a close case. It is also possible that the Federal Circuit could issue a Rule 36 affirmance. A Rule 36 affirmance would be unlikely to be of much assistance. Overall, deciding the issue in light of the decision on appeal is likely to make the decision easier and better.

*Sprint Comm'ns Co. L.P. v. Comcast Cable Comm'ns, LLC*, 201 F. Supp. 3d 564, 566 (D. Del. 2016). Despite Roadie's concerns, I do not think deciding this motion now is the best course of action. Motions for exceptional fees are often decided after much longer periods of litigation. *See, e.g., id.* at 565-66 (motion came after jury trial and ruling on post-trial motion for judgment as a matter of law). I do not see why this motion should be decided now instead of after the appeal has concluded.

THEREFORE, it is HEREBY ORDERED that:

1. Defendant's Motion to Declare This Case Exceptional Pursuant to 35 U.S.C. § 285 (D.I. 119) is DISMISSED WITHOUT PREJUDICE; and

2. The time for Roadie to file a renewed motion to declare the case exceptional is EXTENDED thirty days from the date when the Court of Appeals for the Federal Circuit issues the mandate in appeal No. 19-01511.

Entered this 15 day of February, 2019.

*[signature]*
United States District Judge

3