IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BAGGAGE AIRLINE GUEST SERVICES, INC.,

    Plaintiff,

v.

ROADIE, INC.,

    Defendant.

Civil Action No. 18-707-RGA

MEMORANDUM OPINION

Neal C. Belgam and Eve H. Ormerod, SMITH, KATZENSTEIN & JENKINS, LLP, Wilmington, DE, and Stefan V. Stein and Cole Carlson, GRAYROBINSON, P.A., Tampa, FL, attorneys for Plaintiff.

Pilar G. Kraman, YOUNG CONAWAY STARGATT & TAYLOR, LLP, Wilmington, DE, and Edward A. Pennington, John P. Moy, John P. Pennington, and Darlene K. Tzou, SMITH, GAMBRELL & RUSSELL LLP, Washington, D.C., attorneys for Defendant.

February 14, 2020

1


**ANDREWS, UNITED STATES DISTRICT JUDGE:**

Before me is Defendant's Renewed Motion to Declare This Case Exceptional and Award Attorneys' Fees Under 35 U.S.C. § 285. (D.I. 133). I have reviewed the parties' briefing. (D.I. 134, 136, 138). Because I do not find this to be an exceptional case, I will deny Defendant's motion.

### I. BACKGROUND

On August 24, 2017, Plaintiff Baggage Airlines, Inc. filed suit against Defendant Roadie, Inc. alleging infringement of U.S. Patent No. 9,659,336 ("the '336 patent") in the United States District Court for the Middle District of Florida. (D.I. 1). Defendant's motion to transfer the action for improper venue (D.I. 8) was granted and the case was transferred to the District Court for the District of Delaware, where it was docketed as the present action. (D.I. 67).

Defendant moved for judgment on the pleadings on the basis of invalidity under 35 U.S.C. § 101, or, alternatively, that the complaint failed to state a claim of infringement. (D.I. 39). On January 7, 2019, I granted the motion and found the '336 patent to be invalid under § 101. (D.I. 115). Defendant filed its first Motion for Attorneys' Fees on January 22, 2019 (D.I. 119), which I dismissed without prejudice pending Plaintiff's appeal of the case. (D.I. 125). After the Federal Circuit affirmed this court's ruling, Defendant filed its renewed motion. (D.I. 133). Defendant seeks approximately $800,000 in attorneys' fees. (D.I. 134 at 20).

### II. STANDARD OF REVIEW

The Patent Act provides that the court "in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. The Supreme Court has defined an "exceptional" case as "simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the

case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). When considering whether a case is exceptional, district courts are to exercise their discretion on a case-by-case basis, considering the totality of the circumstances. *Id.* Relevant factors for consideration include "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 554 n.6 (internal quotation marks omitted). A movant must establish its entitlement to attorneys' fees under Section 285 by a preponderance of the evidence. *Id.* at 557.

## III. DISCUSSION

It is undisputed that Defendant is the prevailing party. Thus, the only issue is whether the case is exceptional.

### i. "The Substantive Strength of a Party's Litigating Position"

In *Octane Fitness*, the Supreme Court rejected as "overly rigid" and "too restrictive" the Federal Circuit's previous § 285 case law requiring "*both* that the litigation is objectively baseless *and* that the plaintiff brought it in subjective bad faith." 572 U.S. at 555. Instead, it held that "a case presenting either subjective bad faith or exceptionally meritless claims may sufficiently set itself apart from mine-run cases to warrant a fee award." *Id.*

Defendant relies heavily upon this Court's opinion in *Finnavations LLC v. Payoneer, Inc.*, 2019 WL 1236358 (D. Del. Mar. 18, 2019) to argue that Plaintiff had no reasonable justification for bringing its claim for infringement because the patent claims are directed to an abstract idea and lack an inventive concept. (D.I. 134 at 8). Defendant states that patents directed to coordinating and monitoring shipments, such as the patent-in-suit, "have been routinely and uniformly invalidated." (*Id.*).

2

Defendant argues that, "under controlling Federal Circuit precedent, [Plaintiff's] 'specially configured system' that led to purported efficiency gains could not serve as an inventive concept." (*Id.* at 5).

Here, the use of generic and non-specific hardware to communicate information between different computing devices to coordinate a task was not sufficient to make the patent claims directed at a non-abstract idea. *Baggage Airline Guest Servs, Inc. v. Roadie, Inc.*, 351 F. Supp. 3d 753, 759-60 (D. Del. 2019). Nor was there satisfaction of the inventive concept requirement where Plaintiff pointed to the specification, and not the claims, to describe an improvement offered by the invention, and could not identify anything in the patent to support an inference that further claimed limitations were more than a conventional idea implemented using generic computer technology. *Id.* at 761-62.

In *Finnavations*, I granted motions for exceptional case and attorneys' fees based on patent claims that were "plainly directed at a patent ineligible concept." 2019 WL 1236358 at *2. In that case, the patent was similar to those invalidated in the immediate wake of *Alice*. *Id.* at 1. Although I ultimately found the claims of the '336 patent to be directed to the abstract idea of coordinating and monitoring baggage delivery, and containing no inventive concept, the case was not "exceptionally meritless." *Octane Fitness*, 572 U.S. at 555. Nor do I find that Plaintiff's case was brought in bad faith. Therefore, I will not grant attorneys' fees on the basis of the lack of substantive strength of Plaintiff's litigating position.

### ii. "The Unreasonable Manner in Which the Case was Litigated"

In *Octane Fitness*, the Supreme Court clarified that a party's litigation conduct need not be independently sanctionable in order to justify an award of attorney fees under § 285. 572 U.S. at 546 ("[A] district court may award fees in the rare case in which a party's unreasonable

conduct—while not necessarily independently sanctionable—is nonetheless so 'exceptional' as to justify an award of fees."). The Federal Circuit has held that *Octane Fitness* "gave no indication that [the Federal Circuit] should rethink [its] litigation misconduct line of § 285 cases" and stated that "district courts can turn to [] pre-*Octane Fitness* case law for guidance" regarding such arguments. *SFA Sys., LLC v. Newegg Inc.* 793 F.3d 1344, 1349 (Fed. Cir. 2015). "[L]itigation misconduct and unprofessional behavior may suffice, by themselves, to make a case exceptional under § 285." *Monolithic Power Sys. Inc. v. O2 Micro Int'l Ltd.*, 726 F.3d 1359, 1366 (Fed. Cir. 2013) (internal quotation marks omitted).

"[M]any forms of misconduct can support a district court's exceptional case finding, including . . . litigation misconduct; vexatious, unjustified, and otherwise bad faith litigation; a frivolous suit; or willful infringement." *Id.* In *Monolithic Power*, the Federal Circuit upheld a district court's exceptional case finding based on "an overall vexatious litigation strategy and numerous instances of litigation misconduct . . . ." *Id.* at 1367. The plaintiff in *Monolithic Power* offered false testimony, attempted to cover up its false testimony, and engaged in a litigation strategy—over the course of a decade—of suing the same accused infringer's customers "to prompt" a declaratory judgment action from the supplier, only to move to dismiss the cases "after substantial litigation had taken place." *Id.* Likewise, in *Eon-Net LP v. Flagstar Bancorp*, the Federal Circuit upheld a district court's exceptional case determination based upon "[plaintiff's] pursuit of baseless infringement claims, [] improper purpose of bringing the lawsuit against [defendant] to obtain a nuisance value settlement, [] destruction of evidence, and []offensive litigation tactics." 653 F.3d 1314, 1320, 1324-26 (Fed. Cir. 2011).

Defendant puts forth various arguments in support of its claim that this case was litigated in an unreasonable matter. First, on appeal to the Federal Circuit after Defendant's motion for

judgment on the pleadings was granted, Plaintiff made several new arguments not previously raised before this court. (D.I. 134 at 2, 6). Defendant states that Plaintiff violated the Federal Rules of Appellate Procedure by inserting forty-five pages of presentation slides— not originally part of the record—into the joint appendix presented at the appeal and referencing these slides in Plaintiff's reply appeal brief. (*Id.* at 7). Defendant alleges that Plaintiff "refused to withdraw the offending material," and when Defendant filed a motion to strike the material, Plaintiff failed to file an opposition to the motion, thereby escalating legal expenses incurred by the Defendant. (*Id.*).

Defendant also asserts that litigation misconduct was present in this case because Plaintiff's infringement evidence was directed to a request "to change the delivery location" even though the '336 patent claims require a "selection to hold delivery." (*Id.* at 10). Defendant contends that Plaintiff misrepresented facts in an attempt to align the operation of the accused product with its infringement contentions. (*Id.* at 11-12). Defendant states that Plaintiff's infringement evidence was moreover improperly generated by its lead trial counsel, who stated that he had used the accused device and Defendant's servers to make personal contact with a delivery driver, when a separate chat messaging system was in fact used. (*Id.* at 13).

Without facts to suggest nefarious intent, I will not impute it where I do not see it. The facts Defendant puts forth in its briefing are not inconsistent with the possibility that Plaintiff's counsel, while investigating its case, failed to grasp meaningful technological and operational distinctions in the accused product's functionality, such that the "evidence" that was collected may not have been supportive of Plaintiff's infringement contentions. I do not find these acts self-evidently to go as far as qualifying as part of a vexatious litigation strategy or pattern of offensive litigation tactics. *See Monolithic Power*, 726 F.3d at 1367; *Eon-Net*, 653 F.3d at 1320.

Due to the resolution of the case before any claim construction, and before the taking of significant discovery, I cannot say what Plaintiff might have been able to prove with regards to infringement. *See SFA Systems, LLC v. Newegg Inc.*, 793 F.3d 1344 (Fed. Cir. 2015) (rejecting the argument that the district court erred when it stated that "evidence of the frivolity of the claims must be reasonably clear without requiring a 'mini-trial' on the merits for attorneys' fees purposes.").

Defendant also alleges misconduct on the basis that Plaintiff's counsel Mr. William Stein initiated a discussion with one of Defendant's delivery drivers outside of the presence of counsel. (D.I. 134 at 16). The facts Defendant presents regarding this discussion are highly distinguishable from those of the case involving misconduct which it argues bears "striking resemblance" to the case at hand. (*Id.*). In *Microsoft Corp. v. Alcatel Bus. Sys.*, two of the plaintiff's lawyers directed an employee of a company affiliated with one of the named defendants in the litigation to provide them with training on the operation of the accused system. 2007 WL 4480632, at *1 (D. Del. Dec. 18, 2007). The lawyers in that case questioned the employee regarding the administration, use, and configuration of the accused system. *Id.* Plaintiff's counsel then used the information it gathered during this discussion to prepare its expert report on infringement. *Id.*

Here, according to Defendant, Plaintiff's counsel asked a delivery driver whether the mobile number shown on the Defendant's product belonged to him or was a number supplied by Defendant. (D.I. 134 at 16). I do not agree that this conduct rises to the level of that observed by the court in *Alcatel*. Defendant posits that the "only meaningful distinction" between the cases is that the employee questioned in *Alcatel* was a company employee and not an independent

contractor, as is the case of the delivery driver here. (*Id.* at 17).[1] There are numerous other distinctions, however, including that the delivery driver was not directed to train Plaintiff's lawyers as to the operation of the accused product. Nor is there any indication that he was subject to any further questioning about the product. I do not consider asking the delivery driver about the phone number display on the accused product to be equivalent in its seriousness to obtaining a tutorial on the product's administration, use, and configuration, such that it can be said that Plaintiff's counsel litigated this case in an offensive or reasonable manner. *See Eon-Net*, F.3d at 1320.

I do not find that the recited examples of conduct taking place over the course of the litigation support the existence of "an overall vexatious litigation strategy." *See Monolithic Power*, 726 F.3d at 1367. Unlike in *Monolithic Power* and *Eon-Net*, Defendant does not point to any recurring patterns in Plaintiff's litigation conduct, nor to any other aggravating factors—such as false testimony, destruction of evidence, or offensive conduct—that led those courts to find litigation misconduct. *See Monolithic Power*, 726 F.3d at 1366-67; *Eon-Net*, 653 F.3d at 1320.

In sum, Defendant has not demonstrated by a preponderance of the evidence that this case "stands out from others with respect to the substantive strength of [Plaintiff's] litigating position . . . or the unreasonable manner in which the case was litigated." *Octane Fitness*, 572 U.S. at 554. Accordingly, I conclude that this case is not exceptional under § 285, and I will therefore deny Defendant's motion for attorneys' fees.

   a. **Motion for Costs**

---

[1] As Defendant seems to acknowledge, counsel interviewing the other side's employees without the consent of opposing counsel raises ethical issues not present with a non-employee. (D.I. 134 at 17-18).

7

To the extent that Defendant seeks $12,700 in costs on the basis of a determination that this case is exceptional, I will deny this request. I do not reach the issue of costs that may be granted under the local rules.

**IV.    CONCLUSION**

For the reasons set forth above, I will **DENY** Defendant's renewed motion for attorneys' fees. A separate order, consistent with this Memorandum Opinion, will be entered.